IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| AUGUSTINE OLIVO, | | |
| | Petitioner, | No. CIV S-07-02452 WBS CHS P |
| vs. | | |
| RICHARD IVES[1], Warden, et al., | | |
| | Respondents. | FINDINGS AND RECOMMENDATIONS |

I.   INTRODUCTION

Petitioner Augustine Olivo is a federal inmate proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Olivo challenges the Bureau of Prisons ("BOP") refusal to "consider inmates for immediate placement into a Residential Re-entry Center ("RRC") pursuant to the factors listed under 18 U.S.C. 3621(b). . . ." Petition at 2. Upon careful consideration of the record and the applicable law, the undersigned will recommend that this petition for habeas corpus relief be denied.

/////

---

[1] Petitioner named Constance Reese, the warden of petitioner's institution in Mississippi, as respondent. Shortly after filing this petition petitioner was transferred to FCI Herlong. The Warden at FCI Herlong is Richard Ives. Richard Ives is the proper respondent in this action. Accordingly the clerk is directed to change the name of respondent to Richard Ives.

1

II.     BACKGROUND

Olivo filed this petition on March 26, 2007, in the United States District Court for the Southern District of Mississippi at Jackson. Shortly there after petitioner was transferred to FCI Herlong, which is within the Sacramento Division of the Eastern District of California. On November 13, 2007, the matter was transferred to this court. On December 10, 2007, respondents were ordered to file an answer. Respondents however filed a motion to dismiss on January 9, 2008, arguing that the petition was premature because of the Ninth Circuit's pending decision in Rodriguez v. Smith. Olivo did not file an opposition and the motion to dismiss was granted on September 16, 2008.

On October 1, 2008, Olivo filed a motion for reconsideration arguing that at the time the District Judge ordered the dismissal, the Ninth Circuit had already issued a published opinion in Rodriguez v. Smith. See Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008). On January 29, 2009, the District Judge referred the motion for reconsideration to the previously assigned Magistrate Judge for further findings and recommendations in light of the opinion in Rodriguez. On April 3, 2009, the Magistrate Judge ordered respondents to "provide a response to petitioner's contention that his petition should proceed because the respondents have failed to honor the Ninth Circuit's decision in Rodriguez."

On May 5, 2008, respondents filed an answer. This matter was then reassigned from the previous Magistrate Judge to the undersigned on August 13, 2009.

III.    APPLICABLE STANDARD OF HABEAS CORPUS REVIEW

Habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. Relief is available if a federal prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner's claims are proper under 28 U.S.C. § 2241 and not 28 U.S.C. § 2255 because they concern the manner, location, or conditions of the execution of his sentence and not the fact of his conviction or sentence. Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1990)

(stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241"); Montano-Figueroa v. Crabtree, 162 F.3d 548, 549 (9th Cir. 1998) (per curiam) (allowing a federal prisoner to use § 2241 to challenge the BOP's restitution policies).

Petitioner is challenging the execution of his sentence at the Federal Correctional Institution in Herlong, California, which is within the Sacramento Division of the Eastern District of California; therefore, the Court has jurisdiction over this petition. See Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

/////

IV.   DISCUSSION OF PETITIONER'S CLAIM

    A.   Description of Claim

Olivo states that his petition "challenges the legality . . . of [the BOP's] interpretation of CFR 570.20 and CFR 570.21" and argues that the BOP has used these code sections to "categorically deny all inmates regardless of circumstances, placement into [an RRC] until the last 6 months or 10% of their sentence whichever is less." Petition at 1. He argues that this policy is unlawful and that "if considered in good faith under the factors articulated in 18 U.S.C. 3621(b), [Olivo] should be immediately considered for placement into [an] RRC facility." Memorandum in Support of Petition at 1. In his motion for reconsideration Olivo also argues that "there is no indication that respondents will honor the Ninth Circuit's decision in Rodriguez. . . ." and asks that respondents be ordered "to evaluate Olivo for transfer to an RRC . . . without reference to . . . 28 C.F.R. §§ 570.20 and 570.21. . . ." Motion for Reconsideration at 2.

    B.   Applicable Law

The BOP has the authority, under 18 U.S.C. § 3261(b), to designate the location of an inmate's imprisonment. The BOP's policy prior to December 13, 2002, was to exercise its discretion in allowing prisoners to serve part or all of their imprisonment in an RRC. Rodriguez, 541 F.3d at 1182. The Department of Justice Office of Legal Counsel ended that practice by

1  issuing a legal opinion that § 3621(b) did not authorize inmate placement in an RRC for an entire
2  term because that did not constitute imprisonment.  Id.

3  The BOP changed its policy on December 20, 2002, by limiting an inmate's
4  eligibility for placement in an RRC to six months, or the final ten percent of his sentence,
5  whichever was shorter.  Id.  The First and Eighth Circuits invalidated that policy because it
6  failed to recognize the BOP's discretion in transferring inmates at anytime to an RRC.  Id.  In
7  response the BOP decided to "exercise its discretion categorically to limit inmates' community
8  confinement to the last ten percent of the prison sentence being served, not to exceed six
9  months."  Id. (quoting 69 Fed. Reg. 51213).  These rules were finalized on January 10, 2005, and
10 were published as 28 C.F.R. §§ 570.20, 570.21.  Id.

11 On April 9, 2008, the Second Chance Act was signed into law, authorizing the
12 BOP to consider placing inmates in an RRC for up to the final 12 months of their sentence.  18
13 U.S.C. § 3624.  As a result, on April 14, 2008, the BOP issued a memorandum stating that 28
14 C.F.R. §§ 570.20 and 570.21 "are no longer applicable, and must no longer be followed."
15 Answer, Exhibit at 9.  Instead inmates were to be:

> individually considered for pre-release RRC placements using the
> following five-factor criteria from 18 U.S.C. § 3621(b):
>
> (1) The resources of the facility contemplated;
>
> (2) The nature and circumstances of the offense;
>
> (3) The history and characteristics of the prisoner;
>
> (4) Any statement by the court that imposed the sentence;
>
>   (a) concerning the purposes for which the sentence
>   to imprisonment was determined to be warranted; or
>
>   (b) recommending a type of penal or correctional
>   facility as appropriate; and
>
> (5) Any pertinent policy statement issued by the U.S.
> Sentencing Commission.

26 Id. at 10.

4

On September 4, 2008, the Ninth Circuit decided <u>Rodriguez</u>, holding that 28 C.F.R. §§ 570.20 and 570.21 conflicted with the Congressional intent of § 3621(b) and that inmates be considered for an RRC placement based on the five factors of § 3621(b). <u>Rodriguez</u>, 541 F.3d at 1187. The BOP therefore could not reference 28 C.F.R. §§ 570.20 and 570.21 in considering an inmate for RRC placement. <u>Id.</u> at 1189.

Thus there are two statutory bases to transfer an inmate to an RRC.

1)   <u>18 U.S.C. § 3621(b)</u>

Under 18 U.S.C. § 3621(b), the BOP has <u>discretionary</u> authority to transfer an inmate to any available penal or correctional facility at any time <u>prior</u> to an inmate's pre-release RRC placement. 18 U.S.C. § 3621(b) ("The Bureau <u>may</u> at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.") (emphasis added); <u>Rodriguez</u>, 541 F.3d at 1185 ("Section 3621(b) specifically provides that the BOP has discretion to place an inmate into 'any available penal or correctional facility' and to 'direct the transfer of an inmate from one penal or correctional facility to another' 'at any time.' "). When the BOP does exercise its discretion to analyze whether to transfer an inmate, it must consider statutorily enumerated factors in § 3621(b). <u>See</u> 18 U.S.C. § 3621(b)(1)-(5); <u>Rodriguez</u>, 541 F.3d at 1186 ("[T]he unambiguously expressed intent of Congress conveyed in § 3621(b) . . . expressly instructs that all placement and transfer determinations take into consideration <u>each</u> of the five factors enumerated in the statute.").

Under the BOP's guidelines if an inmate requests a transfer prior to the pre-release transfer time-frame, the review will occur "in conjunction with the [inmate's] next scheduled Program Review." <u>See</u> Answer Ex. at 20. In rendering its decision, staff must utilize the five factors outlined in 18 U.S.C. § 3621(b), and staff "cannot, therefore, <u>automatically</u> deny an inmate's request for transfer to an RRC. <u>Id.</u> Rather, inmate requests for RRC placement must receive individualized consideration." <u>Id.</u> at 19-20.

/////

5

  2)  18 U.S.C. § 3624(c)

Pursuant to 18 U.S.C. § 3624(c) however, the BOP must consider an inmate for pre-release transfer to an RRC for up to the final twelve months of his sentence. See 18 U.S.C. § 3624(c)(1) ("The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.") (emphasis added).

/////

  C.  Discussion²

In his motion for reconsideration Olivo argues that "there is no indication that respondents will honor the Ninth Circuit's decision in Rodriguez . . . " and asks that respondents be ordered "to evaluate Olivo for transfer to an RRC . . . without reference to . . . 28 C.F.R. §§ 570.20 and 570.21 . . . " Motion for Reconsideration at 2.

Olivo however has failed to provide any evidence that the BOP refused to evaluate him or evaluated him for transfer to an RRC and in doing so relied on 28 C.F.R. § 570.20 or § 570.21. As stated by respondents, "[i[f petitioner would like to be considered for a routine RRC transfer, he need only request a transfer at his next program review, and his request will be considered." Answer at 19 FN7. Under 18 U.S.C. § 3621(b), the BOP "may at any time . . . direct the transfer of a prisoner from one penal or correctional facility to another." 18 U.S.C. § 3621(b); see Rodriguez, 541 F.3d at 1185 (stating the BOP has the discretion to place an inmate in another institution at "any time"). When the BOP does exercise its discretion to

---

² To the extent that petitioner has failed to exhaust administrative remedies, as argued by respondents, any failure to exhaust is excused in light of petitioner's failure on the merits. See Brown v. Rison, 895 F.2d 533, 535 (9th Cir. 1990), overruled on other grounds, Reno v. Koray, 515 U.S. 50, 54-55 (1995) ("Where exhaustion of administrative remedies is not jurisdictional, the district court must determine whether to excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.").

6

analyze whether to transfer an inmate, it must consider the statutorily enumerated factors in § 3621(b).  See 18 U.S.C. § 3621(b) (1)-(5); Rodriguez, 541 F.3d at 1186.

Olivo however argues that "there is no indication that respondents will . . . immediately evaluate[] Olivo for transfer to an RRC. . . ."  That argument is pure supposition and is conclusory.  See Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995) (finding a petitioner's conclusory allegations did not meet the specificity requirement); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

In addition, the mandatory transfer assessment under 18 U.S.C. § 3624(c) is not implicated because Olivo's projected release date is not until July 6, 2014.  See 18 U.S.C. § 3624(c) (stating the BOP "shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community") (emphasis added).

V.      CONCLUSION

Olivo has not shown that the BOP ever refused to assess him for transfer to an RRC, let alone that any assessment was not in compliance with Rodriguez.  Further, because Olivo's projected release date is not until July 6, 2014, the mandatory transfer assessment under 18 U.S.C. § 3624(c) is not implicated.

/////

Accordingly, IT IS RECOMMENDED that petitioner's petition for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: September 4, 2009

                                                CHARLENE H. SORRENTINO
                                                UNITED STATES MAGISTRATE JUDGE